478 P.2d 90

**STATE of Arizona, Appellant,**

**v.**

**James William STEFANIK, Appellee.**

**No. 1943.**

Supreme Court of Arizona,
In Banc.

Dec. 16, 1970.

Moise Berger, Maricopa County Atty., Robert K. Corbin, former Maricopa County Atty., by Richard A. Rice, Deputy County Atty., Phoenix, for appellant.

Kenneth M. Arrick, Phoenix, for appellee.

HAYS, Justice.

This cause is before us on appeal by the State of Arizona from an order quashing an information filed against James William Stefanik, hereinafter referred to as appellee.

The record indicates that on November 28, 1967, a complaint was filed charging appellee with assault with a deadly weapon. At the preliminary hearing, John R. Kennelly, a Phoenix police officer, testified that on November 27, 1967, he attempted

to arrest appellee under the authority of an arrest warrant which was then on file in the sheriff's office. Although appellee demanded to know the nature of the charge, Kennelly only told him that the warrant was on file, that he had the warrant number and that nothing more was required in order to make a lawful arrest. Some scuffling occurred when Kennelly attempted to handcuff appellee. Appellee reached into his car and grabbed a chain with a small metal bar on its end. Appellee wrapped the chain around his hand and advanced toward Kennelly; however, another police officer had arrived and assisted Kennelly in accomplishing the arrest.

On cross-examination, Kennelly testified that the warrant used as the basis for appellee's arrest was for a misdemeanor committed in his presence. This offense was allegedly committed about one week prior to the arrest and the warrant was issued at Kennelly's request.

Appellee moved to have the charge dismissed arguing that his arrest was illegal because Kennelly refused to tell him the nature of the charge in violation of A.R.S. § 13–1407. Appellee contended that since the arrest was illegal, he had the right to resist by the use of such force as was reasonably necessary in the circumstances. Appellee's motion was denied and the magistrate ruled that probable cause existed that he committed the offense charged. Appellee was bound over for trial and admitted to bail.

Thereafter, appellee filed a motion to quash the information on the grounds that the evidence was insufficient to support a finding of probable cause and that he was denied due process of law because the magistrate refused to consider the question of the legality of his arrest. On January 31, 1968, the Superior Court entered an order quashing the information. The state has appealed contending that a motion to quash will not properly lie in the circumstances of this case. We agree.

This court is committed to the rule that an information may not be quashed on the ground of insufficient evidence before the magistrate because it is not one of the grounds permitted by Rule 169, Rules of Criminal Procedure, 17 A.R.S. State v. Abbott, 103 Ariz. 336, 442 P.2d 80 (1968); State v. Cravin, 96 Ariz. 346, 395 P.2d 706 (1964); State v. Woolery, 93 Ariz. 76, 378 P.2d 751 (1963). However, we have held that a motion to quash is the appropriate procedure when the issue is whether the preliminary hearing was conducted in a manner consistent with due process of law. State v. Essman, 98 Ariz. 228, 403 P.2d 540 (1965). In *Essman*, we noted that subsection A, par. 3(a) of Rule 169, supra, provides that a motion to quash will lie where an information is filed against an accused felon who has not waived nor had a preliminary examination. We there said that the requirement of a preliminary examination means a hearing wherein the accused is accorded due process of law. Therefore, the only question requiring any discussion is whether appellee was denied due process of law because the magistrate allegedly refused to consider his defense to the charge.

We begin by noting that on both direct and cross-examination, appellee was permitted to conduct a liberal inquiry into the question of the legality of his arrest. The magistrate himself inquired of Kennelly whether a person could be legally arrested when the warrant is not on the person of the arresting officer. Kennelly indicated that such arrests are common and implied that they are lawful. On his motion to dismiss, appellee vigorously argued that his arrest was illegal as a matter of law because Kennelly did not inform him of the nature of the charge. Although the magistrate indicated that he did not agree with appellee's position, he apparently had some doubts because he stated that he would not specifically rule on that question. However, the magistrate ultimately found that probable cause existed that appellee committed the offense charged and, in so ruling, he necessarily resolved any doubts in favor of the state.

It is not possible to determine precisely what the magistrate considered in arriving at his conclusion. He apparently was of the opinion that the legality of the arrest was arguable but he may have concluded that it was nevertheless legal. On the other-hand, he may have decided that the arrest was illegal but that appellee exercised more force than was reasonably necessary in the circumstances. He may also have conclud-ed that even if the arrest was technically illegal, that by itself would not constitute a complete defense to the crime charged. However, neither the reasoning process nor the misunderstandings of substantive law by a judicial officer is of any moment in determining the question of whether an accused was denied due process of law. A fair and impartial preliminary hearing is not made any less so by the failure of a committing magistrate to correctly appre-hend the technical entanglements in a given area of substantive law.

The transcript of this proceeding indi-cates that appellee was given a fair oppor-tunity to present his case. He was repre-sented by counsel and was permitted to present his own witnesses. He was allowed to make a lengthy and probing examination of the witness for the state. On his motion to dismiss, he was permitted to make an extensive argument on the alleged illegality of his arrest. The magistrate announced his ruling only after both sides had rested. Nothing in the record before us indicates that the magistrate was guilty of arbitrary or capricious conduct offensive to our tra-ditional notions of fairness.

█ While we express no opinion here-in with respect to the legality of appellee's arrest, we hold that any error of law com-mitted with regard to that question during his preliminary hearing did not amount to a denial of due process of law. Further, such error may not form the basis for a motion to quash the information because it is not one of the grounds enumerated in Rule 169, supra.

An examination of the record on appeal causes us some concern with regard to the amount of time which elapsed prior to this matter being submitted. On September 6, 1968, the opening brief was filed by the Maricopa County Attorney. The appellee's (defendant's) brief was not filed until Au-gust 24, 1970. There was no motion for continuance or extension of time, nor do we find an appropriate motion to compel the filing of the unduly delayed brief. Our system being an adversary system, op-posing counsel have an obligation to call defaulting counsel's errors to our attention. The time lag involved in court proceedings has become critical; this court will not in the future tolerate the failure of counsel to call to our attention matters which should be acted upon.

The order quashing the information is hereby vacated and the cause is remanded for proceedings consistent with the fore-going opinion.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.