653 P.2d 889
**STATE of New Mexico,**
**Plaintiff-Appellant,**

v.

**Jon E. MASTERS, Defendant-Appellee.**

**No. 5946.**

Court of Appeals of New Mexico.

Oct. 28, 1982.

**59**

Jeff Bingaman, Atty. Gen., Santa Fe, I. William Quickel, Asst. Dist. Atty., Lovington, for plaintiff-appellant.

Martha A. Daly, Rothstein, Bailey, Bennett & Daly, Santa Fe, for defendant-appellee.

## OPINION

WALTERS, Chief Judge.

Defendant was charged by complaint in magistrate court with failure to appear, contrary to § 31–3–9, N.M.S.A.1978. Following a preliminary hearing, he was bound over on the offense charged. A criminal information was filed, charging that defendant did "willfully fail to appear in District Court . . . ." The trial court quashed the information. The State appeals and we reverse.

In its letter-order dismissing the information, the trial court noted that no evidence had been presented at the preliminary hearing to show notification to defendant of the hearing date; it concluded that the State had failed to show that defendant acted willfully as required by the statute, thus warranting dismissal of the charge.

We calendared this case for summary reversal. The statute does not provide for express notice to the defendant; we viewed engrafting a requirement of notice as adding words to the statute. *See State v. Mobbley,* 650 P.2d 841 (N.M.App.1982) (21 N.M.S.B.B. 1425). Our calendaring notice pointed out that the question of willfulness was a factual question, analogous to the lawfulness question addressed in *State v. Mares,* 92 N.M. 687, 594 P.2d 347 (Ct.App. 1979). There we held that such questions were not to be decided in advance of trial. In this case, as in *Mares,* the information charged a crime in the words of the statute.

In a timely memorandum defendant opposed summary reversal. He posits two reasons why the trial court was correct in dismissing the information, couching those reasons in terms of failure to show probable cause at the preliminary hearing. Specifically, defendant contends there was no proof of willfulness, on the sole ground that there was no proof that defendant had been notified of his court date. He also contends that there was a failure of proof that defendant's appearance was required. *State v. Easterling,* 89 N.M. 486, 553 P.2d 1293 (Ct.App.1976).

The preliminary hearing is not a trial on the merits with a view of determining defendant's guilt or innocence. *State v. Garcia,* 79 N.M. 367, 443 P.2d 860 (1968). Only a reasonable probability that a crime was committed by the accused need be shown. *State v. Vallejos,* 93 N.M. 387, 600 P.2d 839 (Ct.App.1979).

Turning first to the defendant's argument that under *Easterling, supra,* there was no proof that his appearance was required, two officers testified that March 31, 1982, was defendant's trial date. That was sufficient evidence to establish reasonable grounds for the magistrate's order binding defendant over for district court proceedings. *State v. Selgado,* 78 N.M. 165, 429 P.2d 363 (1967). It may be that upon trial the State will be unable to prove beyond a reasonable doubt that defendant's appearance was required by a court or judicial officer. *See* N.M.R.Crim.P. 47, N.M.S.A. 1978 (1980 Repl.Pamph.); *but see Easterling, supra.* But at a preliminary hearing the only issue is whether there exists probable cause to believe defendant committed the offense. N.M.R.Crim.P. 20, N.M.S.A. 1978 (1980 Repl.Pamph.). At this stage of defendant's case, *Easterling* does not apply.

Regarding the requirement of "willfully" failing to appear, defendant relies on *United States v. DePugh,* 434 F.2d 548 (8th Cir.1970), for the proposition that the statute requires reasonable notice before conviction. We do not decide whether the Eighth Circuit interpretation of 18 U.S.C. § 3150 is equally applicable to our § 31–3–9, *supra,* in order to sustain a conviction. We are here dealing with determination of probable cause at a preliminary hearing.

The word "willfully," as used in our statute, concerns defendant's state of mind. *See State v. Aranda,* 94 N.M. 784, 617 P.2d 173 (Ct.App.1980). "Willfully" denotes the doing of an act without just cause or lawful excuse. *Potomac Insurance Co. v. Torres,* 75 N.M. 129, 401 P.2d 308 (1965); *Ex parte Williams,* 58 N.M. 37, 265 P.2d 359 (1954). The question of willfulness is a factual question.

The presence or absence of notice to the defendant may have a bearing at trial on the question of willfulness, depending upon the other facts of the case. But, as we observed in *Mobbley, supra,* "we are not concerned [here] with a factual determination by a jury." Although it may be a matter of evidence on "just cause" or "excuse," express notice to the defendant is not an independent element, apart from the determination of willfulness, which the State must prove at either the preliminary hearing or at trial. *See State v. Moss,* 83 N.M. 42, 487 P.2d 1347 (Ct.App.1971).

Since willfulness is a factual question, the court erred in deciding it in advance of trial. *State v. Mares, supra.* The defendant, knowing he was supposed to maintain contact with his attorney, did not do so and he left town without assuring that he could be reached at a forwarding address. The evidence presented at the preliminary hearing was sufficient to establish reasonable grounds for the judgment of the magistrate. *See State v. Vallejos, supra.*

Because the information charged a crime in the words of the statute and because there was probable cause to find that defendant willfully failed to appear in district court, the trial court erred in quashing the information. It did so upon its finding that there was insufficient evidence to establish probable cause. As a result of our calendar assignment, our review determines that the evidence was sufficient. In so holding, however, we have not overlooked the basic question—whether the district court may review the sufficiency of the evidence for a probable cause determina-

tion. New Mexico law prohibits district court review of the sufficiency of the evidence to indict. *Buzbee v. Donnelly,* 96 N.M. 692 at 706, 634 P.2d 1244 (1981). Is the rule different where the prosecution proceeds by preliminary hearing and information rather than indictment? *State v. Garcia, supra,* reviewed the sufficiency of the probable cause evidence. *See also State v. Vallejos, supra.* Neither case discussed whether there may be a review of the sufficiency of the evidence to establish probable cause. Because of the procedural posture of this case, neither do we decide this basic question. However, *see* reasons for not reviewing the sufficiency of the evidence to indict in *State v. Chance,* 29 N.M. 34, 221 P. 183 (1923); *State v. Stefanik,* 106 Ariz. 466, 478 P.2d 90 (1970); 42 C.J.S. Indictments and *Informations* § 210. We hold only that *if* the sufficiency of the probable cause evidence may be reviewed the evidence was sufficient.

The cause is remanded for reinstatement of the information and for trial. IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.