2003-NMSC-012

70 P.3d 753

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Charles GOMEZ, Defendant–Petitioner.**

No. 27,303.

Supreme Court of New Mexico.

May 19, 2003.

John B. Bigelow, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Petitioner.

Patricia A. Madrid, Attorney General, Anita Carlson, Assistant Attorney General, Santa Fe, NM, for Respondent.

## OPINION

SERNA, Justice.

{1} The State charged Defendant Charles Gomez by criminal complaint with driving while under the influence of intoxicating liquor (DWI), contrary to NMSA 1978, § 66–8–102 (1999, prior to 2003 amendment). On Defendant's motion, the district court dismissed the complaint on the ground that it failed to establish probable cause to believe that Defendant had committed the charged crime. On appeal by the State, the Court of Appeals determined that the complaint established probable cause that Defendant had committed DWI. As a result, the Court of Appeals reversed the district court. This Court then granted Defendant's petition for writ of certiorari to the Court of Appeals. We now affirm the Court of Appeals but on different grounds.

## I. Facts

{2} On May 10, 2001, at 10:35 a.m., police officers responded to a report of a man slumped in the seat of a pickup in the parking lot of a Ben Franklin store in Roswell, New Mexico. At the parking lot, the officers observed Defendant asleep in his pickup with his feet protruding out of the open driver's side door. The officers found Defendant's shoes on the ground beneath the door. Defendant was not wearing a shirt, his pants were unzipped, and there was a pool of liquid on the ground near the driver's side door. The officers observed that there were no keys in the ignition. After detecting an odor of intoxicating liquor inside the pickup, the officers awakened Defendant and noticed that he smelled strongly of alcohol. Defendant had difficulty completing simple tasks,

such as retrieving his driver's license from his wallet and putting on his shoes. Defendant also failed a number of field sobriety tests. Defendant's speech was extremely slurred, and in response to instructions for one of the field sobriety tests, he told the officers, "You know I'm drunk." The officers arrested Defendant for DWI and discovered the keys to the pickup in the front pocket of Defendant's pants.

{3} On the following day, one of the police officers filed a criminal complaint against Defendant on the charge of DWI in magistrate court. The officer attached an affidavit to the complaint detailing the circumstances surrounding Defendant's arrest. After Defendant's case was transferred to district court for a determination of competency, Defendant filed a motion to dismiss the complaint for lack of probable cause. Defendant argued that there was no indication in the affidavit that he had operated a vehicle within the meaning of Section 66–8–102. *See* UJI 14–4501 NMRA 2003 (listing the elements for the crime of DWI, including operation of a motor vehicle); UJI 14–4511 NMRA 2003 (defining operation of a motor vehicle). The district court granted Defendant's motion and dismissed the complaint. The State then filed an appeal with the Court of Appeals. *See* NMSA 1978, § 39–3–3(B)(1) (1972) (providing for an appeal by the State from an order dismissing a criminal complaint). In a memorandum opinion, the Court of Appeals reversed, relying on this Court's opinion in *State v. Johnson*, 2001–NMSC–001, ¶¶ 15–24, 130 N.M. 6, 15 P.3d 1233.

## II. Discussion

{4} In support of the Court of Appeals' reversal of the district court, the State argues that the district court lacked authority to dismiss the complaint before a trial on the merits. Although Defendant was arrested without a warrant, he was released from custody on the same day as his arrest. Under these circumstances, the Rules of Criminal Procedure do not contemplate a probable cause determination by either the district court, Rule 5–301(A) NMRA 2003, or the magistrate court, Rule 6–203(A) NMRA 2003. *See* Rule 5–301 committee cmt. ("The

probable cause determination is required only to assure in warrantless arrest cases that there is probable cause to detain the defendant.").

{5} Because the district court was not authorized to conduct a probable cause determination proceeding, the State argues that Defendant's motion to dismiss is subject to the requirements of any other pretrial motion. "Any defense, objection or request which is capable of determination without a trial on the merits may be raised before trial by motion." Rule 5–601(B) NMRA 2003; *accord* Rule 6–304(A) NMRA 2003 (providing that in magistrate court "[a]ny matter that is capable of determination without trial of the general issue, including defenses and objections, may be raised before trial by motion"). Relying upon *State v. Mares*, 92 N.M. 687, 688–90, 594 P.2d 347, 348–50 (Ct.App.1979), and *State v. Masters*, 99 N.M. 58, 59–60, 653 P.2d 889, 890–91 (Ct.App.1982), the State contends that Defendant's motion to dismiss involves factual matters that are not capable of resolution without a trial on the merits and that the district court therefore lacked authority to grant the motion pretrial. In *Mares*, the Court of Appeals reversed a trial court's pretrial dismissal of an indictment for aggravated battery based on a failure to state a crime. 92 N.M. at 688, 594 P.2d at 348. The Court of Appeals concluded that the factual matter of whether the defendant acted unlawfully is not capable of resolution without a trial on the merits and is therefore not subject to a pretrial motion under the Rules of Criminal Procedure. *Id.* Later, in *Masters*, the Court of Appeals applied a similar rationale to a pretrial determination of the factual question of willfulness. 99 N.M. at 59–60, 653 P.2d at 890–91.

{6} Defendant concedes that his release from custody on the day of his arrest obviated the need for a probable cause determination proceeding. However, Defendant contends that the district court properly dismissed the complaint pretrial because the facts alleged in the affidavit failed to establish a violation of Section 66–8–102. Defendant argues that a pretrial motion to dismiss is a proper method of testing the sufficiency of the complaint under Rule 5–

601(B), as indicated by *State v. Foulenfont,* 119 N.M. 788, 895 P.2d 1329 (Ct.App.1995). In that case, the Court of Appeals addressed a trial court's pretrial dismissal of burglary charges based on a determination that climbing over a chain link fence, as the State alleged the defendants had done, did not fall within the statutory definition of burglary because a fence does not constitute a "structure" for purposes of NMSA 1978, § 30–16–3(B) (1971). *Foulenfont,* 119 N.M. at 789, 895 P.2d at 1330. The Court of Appeals distinguished *Mares* and *Masters* on the ground that those cases involved factual questions, *id.,* whereas the question whether the statutory word "structure" includes a chain link fence is a "purely legal issue." *Id.* at 790, 895 P.2d at 1331.

■■■■ {7} We do not believe it is necessary to resolve whether this case is governed by *Foulenfont* or *Mares* or whether Rule 5–601(B) generally permits a pretrial determination of the issue of actual physical control. Defendant failed to rely on *Foulenfont* in the district court. While "[a] decision of the trial court will be upheld if it is right for any reason," *State v. Beachum,* 83 N.M. 526, 527, 494 P.2d 188, 189 (Ct.App.1972), we will not rely on this doctrine if doing so would be unfair to the appellant. *See State v. Torres,* 1999–NMSC–010, ¶ 22, 127 N.M. 20, 976 P.2d 20. Unlike in *Foulenfont,* the State did not concede in the district court that it had presented all of the facts available relevant to the question of actual physical control. *See Foulenfont,* 119 N.M. at 789, 895 P.2d at 1330 ("[T]he State never disputed that the burglary charges were predicated on the act of climbing over the ... fence."). We recognize that the State also did not argue that additional evidence of actual physical control existed; however, we believe that this failure was based on the nature of Defendant's motion. Defendant argued below that the officer did not have probable cause to arrest him. Because Defendant did not raise an argument under *Foulenfont,* it was unnecessary for the State to argue in the district court that it might be able to obtain additional evidence if the case were allowed to proceed to trial. We believe that pretrial dismissal under Rule 5–601(B) is inappropriate if the State could reasonably assert the availability of additional evidence. *Cf. United States v. Alfonso,* 143 F.3d 772, 776–77 (2d Cir.1998) ("Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment."); *United States v. Hall,* 20 F.3d 1084, 1088 (10th Cir.1994) (recognizing an exception to the general rule against deciding sufficiency of the evidence questions pretrial "under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts").

{8} Moreover, the State also argues that, unlike in *Foulenfont,* there exists a factual question apart from actual physical control. The State argues that the complaint presents a jury question as to whether Defendant drove his vehicle while intoxicated before arriving at the Ben Franklin parking lot.[1] We agree that a reasonable fact finder could infer, from the facts presented in the officer's affidavit, that Defendant drove his vehicle to the parking lot while intoxicated. The officers found Defendant passed out in his vehicle in the parking lot of a Ben Franklin store at 10:30 a.m. Defendant appeared to be intoxicated, but the officers did not report seeing alcohol containers in or around the pickup. Ben Franklin does not sell alcoholic beverages. These facts could support a reasonable inference that Defendant drove to the parking lot while he was intoxicated. *See Commonwealth v. Saunders,* 456 Pa.Super. 741, 691 A.2d 946, 950 (1997). As a result, this question must be submitted to the finder of fact and is not capable of determination without a trial on the merits as required by Rule 5–601(B).

1. Once again, although the State did not argue this question below, this argument would have been unnecessary in response to Defendant's contention that there was no probable cause for arrest because the officers did not observe Defendant driving. *See Boone v. State,* 105 N.M. 223, 226, 731 P.2d 366, 369 (1986).

{9} Our conclusion that Defendant's motion was not capable of resolution pretrial fully disposes of the State's appeal. As a result, we do not address the Court of Appeals' application of *Johnson* to the facts of this case.

### III. Conclusion

{10} We conclude that Defendant's motion to dismiss was not capable of determination without a trial on the merits, as required by Rule 5–601(B), and that the district court therefore lacked authority to dismiss the complaint pretrial. We affirm the Court of Appeals on different grounds and remand to the district court for further proceedings consistent with this opinion.

{11} **IT IS SO ORDERED.**

WE CONCUR: PETRA JIMENEZ MAES, Chief Justice, PAMELA B. MINZNER, RICHARD C. BOSSON and EDWARD L. CHAVEZ, Justices.