This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                          **NO. 29,766**

**MITCHELL WOOD,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Robert S. Orlik, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Susan Roth, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant was charged with breaking and entering and criminal damage to

property. The State appeals the district court's dismissal of these charges based on the district court's determination that Defendant and the victim were co-tenants and Defendant could not, as a matter of law, be found guilty of breaking and entering or criminal damage to property where the property at issue was owned by Defendant in co-tenancy. The State raises two arguments on appeal. First, the State contends that the district court made a factual determination pretrial which exceeds the scope of Rule 5-601 NMRA and *State v. Foulenfont*, 119 N.M. 788, 895 P.2d 1329 (Ct. App. 1995). Secondly, the State argues that the district court erred in its legal determination that a co-tenant could never be convicted of breaking and entering or criminal damage to property when the property at issue is held by the defendant in co-tenancy. We agree with the State that the district court exceeded its authority under Rule 5-601 and *Foulenfont*. Because we reverse on this issue, we do not address the district court's determination regarding the legal effect of a co-tenancy on the ability of the State to bring charges against a co-tenant of breaking and entering and criminal damage to property.

**BACKGROUND**

The State filed a criminal information in the district court alleging that, on or about March 13, 2009, Defendant "enter[ed] the dwelling house of Kenneth Bartley and Sean Galloway located at 2120 West 7th [Street], Clovis, N[ew] M[exico] without

authorization or permission, and entry was obtained by breaking or dismantling the front door, contrary to NMSA 1978, Section 30-14-8 (1981), a fourth degree felony." The State also alleged that, on or about March 13, 2009, Defendant "intentionally damage[d] the front door of 2120 West 7th Street, Clovis, N[ew] M[exico] owned by Kenneth Bartley and Sean Galloway, without the consent of the owner and did $1000 or less in damage to the property, contrary to Section 30-15-1, NMSA 1978, a petty misdemeanor."

Defendant filed a motion to dismiss. In his motion to dismiss, Defendant argued: "It is the position of the Defendant that the facts articulated by the State, even if proven to be true, do not constitute a violation of these statutes because the Defendant is a co-owner of the property." Defendant attached a copy of a purchase agreement as an exhibit to his motion to dismiss. The purchase agreement indicated that Defendant, his wife, and Kenneth Bartley agreed to buy property located at 701 Thomas Street, Clovis, New Mexico. The purchase agreement was dated July 18, 2008. The State responded to Defendant's motion to dismiss by arguing that Defendant's reliance on *Foulenfont* was misplaced given the factual determinations the district court would have to make to rule on Defendant's defense of co-tenancy. The State further argued that co-tenancy was not an absolute defense to the charges.

The district court issued a decision letter. In its decision letter, the district court

3

determined that the parties owned the property in co-tenancy based on the purchase agreement submitted by Defendant. The decision stated, "[a]fter the [c]ourt's review it appears obvious that Defendant and two other parties were involved in a co-tenancy with respect to the real property." The district court further noted that "[t]here [was] no additional documentation transferring any property interest among the buyers to others of those buyers." The district court determined that each purchaser had "an equal right to possession of the property as a consequence of their ownership[,]" and that the co-tenancy "prohibit[ed] any of the owners from excluding the others without a partition action establishing such exclusion." The district court therefore dismissed the charges against Defendant.

**DISCUSSION**

"Judicial authority to rule on pretrial motions in criminal matters is outlined in Rule 5-601." *State v. LaPietra*, 2010-NMCA-009, ¶ 7, 147 N.M. 569, 226 P.3d 668, *cert. denied*, 2009-NMCERT-012, 147 N.M. 600, 227 P.3d 90. Rule 5-601(B) provides: "[a]ny defense, objection or request which is capable of determination without a trial on the merits may be raised before trial by motion." *See State v. Gomez*, 2003-NMSC-012, ¶ 8, 133 N.M. 763, 70 P.3d 753 (stating that where a motion involves factual matters that are not capable of resolution without a trial on the merits, Rule 5-601(B) requires the question to be submitted to the fact finder). We review

whether the district court was within its authority under Rule 5-601 in dismissing charges against Defendant under a de novo standard of review. *LaPietra*, 2010-NMCA-009, ¶ 5 ("The contours of the district court's power to conduct a pretrial hearing on a motion to dismiss charges brought under Rule 5-601 is a legal question reviewed under a de novo standard.").

"In *Foulenfont*, we stated that it was proper for a district court to decide purely legal matters and dismiss a case when appropriate before trial." *LaPietra*, 2010-NMCA-009, ¶ 7. "Questions of fact, however, are the unique purview of the jury and, as such, should be decided by the jury alone." *Id.*; *see also Foulenfont*, 119 N.M. at 789-90, 895 P.2d at 1330-31. Our Supreme Court has held that "where a motion involves factual matters that are not capable of resolution without a trial on the merits, the trial court lacks the authority to grant the motion prior to trial." *State v. Hughey*, 2007-NMSC-036, ¶ 11, 142 N.M. 83, 163 P.3d 470.

The State contends that it never stipulated that Defendant and Kenneth Bartley held the property in co-tenancy, thus, the district court's determination regarding who owned the property and in what form that ownership was were questions of fact. Defendant contends that "[a]ccording to the hearing on the motion to dismiss, Defendant's written motion and the State's pleadings, all parties agreed that [Defendant] co-owned the property." Defendant asserts that, "[a]s in *Foulenfont*, the

State in this case never disputed this factual predicate." Having reviewed the recording and documents referenced by Defendant, we disagree. The criminal information filed by the State does not assert that Defendant had any ownership interest in the property, and the State's pleading filed in magistrate court does not concede that a co-tenancy exists stating "[w]hether there was an arguable ownership in the property." Furthermore, the State's response to Defendant's motion to dismiss filed in district court argues that the existence of factual issues precludes resolution of the case through a motion to dismiss, and specifically states that, contrary to *Foulenfont*, there was no stipulation regarding co-ownership. Nor did the State stipulate to ownership at the hearing on Defendant's motion.

As a result, we conclude that Defendant's reliance on *Foulenfont* is misplaced. In *Foulenfont,* the defendants argued that the "factual predicate underlying the charges, entry of a fenced area, did not fit within the definition of burglary set forth in NMSA 1978, Section 30-13-3(B) (Repl. Pamp. 1994)." 119 N.M. at 789, 895 P.2d at 1330. We held that "the district court had authority under [Rule] 5-601 to consider the purely legal issue raised in [the d]efendants' motion." *Foulenfont*, 119 N.M. at 790, 895 P.2d at 1331. In so holding, we rejected the State's "contention that the district court had to initially conduct an evidentiary hearing to allow introduction of the evidence that the burglary charge was predicated on the unauthorized entry

6

through a fence." *Id.* We pointed out that "the State never disputed [the d]efendants' characterization of the factual predicate underlying the charges, and instead engaged the district court in a purely legal argument." *Id.*

As discussed above, the same is not true in the present case. Here, the State did not limit its argument before the district court solely to the legal issue of the effect of a co-tenancy, but argued that the district court could not make factual determinations based on an unofficial copy of a purchase agreement submitted by Defendant as part of a *Foulenfont* motion. Moreover, the decision letter issued by the district court does not reflect a lack of dispute or a stipulation by the State on the issue of the co-tenancy. Instead, the decision letter indicates that the district court considered the evidence, including the purchase agreement and the lack of evidence demonstrating any subsequent purchase or sale of the property, in determining that a co-tenancy did exist. The district court's act of taking into consideration documentation aimed at establishing the existence of a co-tenancy demonstrates the nature of the factual dispute involved in district court's inquiry. As this Court remarked in *LaPietra*, "the question of whether someone climbed over a fence and the question of whether a fence is a 'structure' for purposes of the burglary statute are fundamentally different questions." 2010-NMCA-009, ¶ 10. In the present case, the district court made a pre-trial factual determination regarding whether or not a co-tenancy existed. We hold

7

that this was error.  *See State v. Masters*, 99 N.M. 58, 59, 653 P.2d 889, 890 (Ct. App. 1982) (holding that factual questions were not to be decided in advance of trial); *State v. Mares*, 92 N.M. 687, 688-90, 594 P.2d 347, 348-50 (Ct. App. 1979) (concluding that the facts of a crime cannot be determined prior to trial).

**CONCLUSION**

For the foregoing reasons, we reverse and remand to the district court for reentry of the charges against Defendant.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**ROBERT E. ROBLES, Judge**

8