This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                    **No. 33,444**

**RICHARD CRADDOCK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Defendant Richard Craddock entered a conditional plea to resisting, evading or obstructing an officer, but reserved the right to raise on appeal "any and all motions, defenses, objections or requests [that] he . . . made or raised[.]" [RP 286] On appeal,

Defendant challenged the district court's denial of his motion to dismiss for lack of probable cause. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}     In this Court's calendar notice, we proposed to conclude that Defendant's motion to dismiss for lack of probable cause presented factual questions that would require presentation of the same evidence that would need to be presented at a trial on Defendant's charge for resisting, evading or obstructing an officer. As a result, we proposed to conclude that the district court was without authority to grant Defendant's motion. In support of this Court's proposed conclusion, we relied on New Mexico Supreme Court case law holding that "where a motion involves factual matters that are not capable of resolution without a trial on the merits, the trial court lacks the authority to grant the motion prior to trial." [CN 5 (quoting *State v. Hughey*, 2007-NMSC-036, ¶ 11, 142 N.M. 83, 163 P.3d 470)] Thus, where a motion to dismiss would require resolution of factual issues that must also be resolved as part of a trial, the trial court errs "in deciding, in advance of trial, a question involving the facts of the crime." [CN 6 (quoting *State v. Mares*, 1979-NMCA-049, ¶ 10, 92 N.M. 687, 594 P.2d 347)]

**{3}** In response, Defendant asserts that the district court held a hearing where he and Officer Woodard testified and where Defendant introduced video evidence from the surveillance cameras around his house; that there are facts "that can be undisputed by all parties" [MIO 1]; and that there was enough testimony "to determine that a jury could reasonably infer that the Defendant . . . should not have been investigated and arrested for resisting, evading, and obstructing an officer." [MIO 2] These arguments, however, fail to rebut this Court's proposed disposition.

**{4}** While Defendant asserts that there are facts that the parties "can" agree on, Defendant has not directed this Court to where the parties did in fact stipulate to facts while this matter was before the district court, and from which the district court could have made a legal determination. *Cf. State v. Foulenfont*, 1995-NMCA-028, ¶ 6, 119 N.M. 788, 895 P.2d 1329 (holding that the trial court had authority to consider, prior to trial, the purely legal issue of whether burglary charges could be predicated on unauthorized entry by climbing over a fence, and had authority to dismiss the charges). Rather, as evidenced by the evidentiary hearing, Defendant sought to have the district court make a factual determination on matters that were identical to those presented by the charges. *See State v. Masters*, 1982-NMCA-166, ¶ 10, 99 N.M. 58, 653 P.2d 889 (holding that, "[s]ince willfulness is a factual question, the court erred in deciding it in advance of trial").

{5} To the extent Defendant attempts to call into question this Court's reliance on *State v. Gomez*, 2003-NMSC-012, ¶ 8, 133 N.M. 763, 70 P.3d 753, because, here, an evidentiary hearing was held whereas in *Gomez* one was not, the district court's act of hearing evidence on an issue that our case law dictates the district court does not have authority to consider prior to trial does not demonstrate that the district court possessed the authority to grant Defendant the relief requested. Finally, to the degree Defendant asserts that there were facts from which a reasonable jury could infer that Defendant should not have been subject to further investigation, this argument is inapposite. Rather, where a reasonable fact finder could draw an inference from the facts presented supporting one of two options, "this question must be submitted to the finder of fact and is not capable of determination without a trial on the merits as required by Rule 5-601(B) [NMRA]." *Gomez*, 2003-NMSC-012, ¶ 8. For these reasons, we conclude that Defendant has failed to demonstrate error in this Court's proposed disposition. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law.").

{6} Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{7} **IT IS SO ORDERED.**

4

 

                                       _____

                                       **CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**LINDA M. VANZI, Judge**