This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellant,

v.               **NO. 33,969**

**AARON RAMOS,**

 Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     The State appeals from the district court's dismissal of the charge of possession of drug paraphernalia. Our notice proposed to reverse, and Defendant filed a timely memorandum in opposition. We are not persuaded by Defendant's arguments and therefore reverse.

{2}     The State's issues relate to the central contention that the district court erred in dismissing the charge against Defendant for misdemeanor possession of drug paraphernalia. [DS 4-5; MIO 4; RP Vol.1/1; Vol.2/258] In addressing these issues, we consider the following. Defendant filed a motion to dismiss (motion) the possession of drug paraphernalia charge. [RP Vol.1/1, 28, 31] In his motion, Defendant disputed the complaint's characterization of the objects found in his vehicle as "drug paraphernalia." [RP Vol.1/4, 31-33] While the State's complaint referred to the objects as "a small grey scale, a marijuana grinder and a torch[-]like lighter" [RP Vol.1/1-2], Defendant's motion instead characterized the items as "a small grey scale, a[n] herb grinder and a wind-proof lighter." [RP Vol.1/32] In his motion, Defendant asserted that whether or not the objects are drug paraphernalia is "purely a legal question," [RP Vol.1/32] and in light of his characterization of the objects argued that they do not fall within the statutory definition of drug paraphernalia as a matter of law. [MIO 2-3] On this basis, Defendant's motion advocated for dismissal of the drug paraphernalia charge. [RP Vol.1/28; MIO 3]

2

{3} The State did not file a written response to Defendant's motion as required by Rule 5-120(E) NMRA (providing that "[u]nless otherwise specifically provided in these rules, a written response shall be filed within fifteen days after service of the motion"). [MIO 3] Instead, the motion was addressed for the first time five and one-half months later at the motion hearing prior to trial. [RP Vol.2/275, 277; MIO 4] The State's failure to file a responsive pleading was not viewed favorably by the district court, and it ultimately dismissed the charge of possession of drug paraphernalia. [RP Vol.3/526] As basis for the dismissal, the district court's order sets forth two findings:

> 1. The State of New Mexico failed to submit a written response to the Defendant's [m]otion pursuant to 5-120[] NMRA.

> 2. The State of New Mexico was unable to articulate sufficient facts at the motion hearing to support the charge of possession of drug paraphernalia[.]

[RP Vol.3/526]

{4} By these findings, the district court considered the effect of the State's failure to file a response, in conjunction with its failure to articulate additional facts at the hearing to show how the objects were used as drug paraphernalia, to be such that the facts as a matter of law do not support the possession of drug paraphernalia charge. [MIO 3-5] In doing so, the district court effectively treated Defendant's motion as a *Foulenfont* motion. [RP Vol.2/277; MIO 7] *See State v. Foulenfont*, 1995-NMCA-028,

3

¶ 6, 119 N.M. 788, 895 P.2d 1329 (allowing for the dismissal of criminal charges on purely legal grounds when the district court assumes the factual predicate underlying the charges to be true and the facts as a matter of law do not support criminal charges).

{5}     While *Foulenfont* provides that a district court may decide purely legal matters and dismiss a case when appropriate before trial, the present case does not present a *Foulenfont* situation because, unlike in *Foulenfont*, factual matters remain to be resolved. *See State v. LaPietra*, 2010-NMCA-009, ¶ 10, 147 N.M. 569, 226 P.3d 668 (holding that it is beyond a district court's *Foulenfont* authority to dismiss charges when an element of the offense involves a fact-specific inquiry that is within the unique purview of the jury); *see also State v. Fernandez*, 2007-NMCA-091, ¶ 7, 142 N.M. 231, 164 P.3d 112 (concluding that it is well-settled law that a jury determines whether an object is used as a "deadly weapon" because it is a fact-specific inquiry and requires a case-by-case determination). In this regard, irrespective of the State's failure to file a written response or introduce additional evidence at the hearing, the facts in the complaint, particularly its reference to a "small grey scale" and "marijuana grinder" [RP Vol.1/1]—when assumed as true as *Foulenfont* requires—are sufficient by themselves to support the paraphernalia charges. *See* NMSA 1978, § 30-31-2(V)(5), (7) (2009) (defining "drug paraphernalia" and including within its definition the listed objects of "scales" and "separation gins and sifters used, intended for use or

4

designed for use in removing twigs and seeds from, or in otherwise cleaning and refining, marijuana").

{6} Moreover, in apparent recognition that the listed objects can be used for purposes other than drug paraphernalia, Section 30-31-2(V)(13) goes on to list additional factors (such as the proximity of the paraphernalia to controlled substances) to be used "in determining whether an object is drug paraphernalia" as contemplated by Section 30-31-2(V). [MIO 5] Thus, the statutory definition of "drug paraphernalia" necessarily contemplates that whether or not an object is used as "drug paraphernalia" involves a fact-specific inquiry for the jury to decide. Consistent with this, and as noted in our notice [CN 5], while the State did not introduce evidence at the hearing to support its characterization of the objects in the complaint as drug paraphernalia [MIO 5, 8-9], the State indicated at the hearing that it intended to present such evidence at the trial through the testimony of police officers. [RP Vol.2/278] Given that Defendant's motion was premised on a *Foulenfont* argument, it was appropriate for the State to represent at the hearing that whether or not the items were used as drug paraphernalia was a factual matter which it contemplated would be addressed at trial. Thus, the context of a trial and the presentation of evidence, rather than a hearing to address a *Foulenfont* motion [MIO 7], was the appropriate time for the State to provide "additional context as to the indicia of the intended use." [MIO 7] *Cf. State v. Gomez*, 2003-NMSC-012, ¶ 7, 133 N.M. 763, 70 P.3d 753 ("Because [the

d]efendant did not raise an argument under *Foulenfont*, it was unnecessary for the [s]tate to argue in the district court that it might be able to obtain additional evidence if the case were allowed to proceed to trial."). Unlike *Foulenfont*, which was based on stipulated facts and involved the purely legal issue of whether a fence constituted a "structure" for purposes of the burglary statute, 1995-NMCA-028, ¶¶ 2, 6, whether or not the items were drug paraphernalia, as set forth in the complaint, or served a different purpose as advocated by Defendant in his motion, is a factual dispute for the jury to resolve. *See generally State v. Masters*, 1982-NMCA-166, ¶ 10, 99 N.M. 58, 653 P.2d 889 (holding that factual questions were not to be decided in advance of trial). For this reason, we conclude that the district court erred in concluding that the State's failure to file a response and articulate additional facts at the motion hearing essentially transformed what would otherwise be a question for the jury into a *Foulenfont* situation.

**{7}** Apart from our conclusion that factual matters remained for a jury to decide, we also disagree that the State's failure to file a response as required by Rule 5-120(E) provided a basis for a dismissal as a sanction. [MIO 11] *See generally State v. Harper*, 2011-NMSC-044, ¶¶ 16-17, 150 N.M. 745, 266 P.3d 25 (emphasizing that "[e]xtreme sanctions such as dismissal are to be used only in exceptional cases . . . such as where evidence is unilaterally withheld by the [s]tate in bad faith, or all access to the evidence is precluded by [s]tate intransigence" (internal quotation marks and citation

omitted)). While the State's failure to file a response to Defendant's motion is troubling and inappropriate, we do not agree that such failure is tantamount to a willful refusal to provide Defendant with "discoverable information" that deprived Defendant of his ability to present a defense. [MIO 12] To this end, Defendant's motion, as discussed above, was premised on a *Foulenfont* argument which, by its very nature, did not involve any factual development or underlying discovery request. And absent a showing that Defendant was somehow prevented from presenting his defense based on the State's failure to comply with Rule 5-120(E), we conclude that the district court abused its discretion in dismissing the case on this basis. *See generally State v. Jackson*, 2004-NMCA-057, ¶ 15, 135 N.M. 689, 92 P.3d 1263 (recognizing that "[t]he sanction of dismissal punishes the public, not the prosecutor, and results in a windfall to the defendant" and that "[t]he sanction of dismissal is wasteful of judicial and investigative resources, and should be imposed *only where no less severe sanction will remedy the violation*" (emphasis added) (internal quotation marks and citations omitted)).

{8}     In conclusion, for the reasons set forth above and in our notice, we reverse.

{9}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

7

**I CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**


**RODERICK T. KENNEDY, Judge (specially concurring)**


**KENNEDY, Judge (specially concurring).**

{10}    I write separately to suggest that more tailored sanctions are available when the State takes no action on Defendant's motion to dismiss for five and one-half months. Because we recognize the public's interest in prosecuting crime, we are no friend to unexcused failures of the State to carry their burden of timely filings in criminal cases,

particularly, when bright-line rules exist. *State v. Dominguez*, 2007-NMCA-132, ¶ 7, 142 N.M. 631,  168 P.3d 761.

_____
**RODERICK T. KENNEDY, Judge**