**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2017-NMCA-014**

**Filing Date: November 3, 2016**

**Docket No. 34,759**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellant,**

**v.**

**JOHN C. PACHECO,**

      **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellant

Fuqua Law & Policy, P.C.
Scott Fuqua
Santa Fe, NM

for Appellee

**OPINION**

**HANISEE, Judge.**

**{1}**    The State appeals from the dismissal of its criminal information charging Defendant with fraud in violation of NMSA 1978, Section 30-16-6(A), (F) (2006). We reverse.

**{2}**    Rule 5-601(B) NMRA provides that "[a]ny defense, objection or request which is capable of determination without a trial on the merits may be raised before trial by motion." In *State v. Foulenfont*, 1995-NMCA-028, 119 N.M. 788, 895 P.2d 1329, we held that a

1

district court may dismiss a criminal information or indictment when guilt turns on a "purely legal issue" and any relevant "factual predicate underlying the charges" is undisputed by the state. *Id.* ¶ 6. In *Foulenfont*, the purely legal issue was whether a fence is a "structure" under our burglary statute, and the state conceded that the only basis for finding the defendant guilty turned on this legal question. *Id.* ¶ 7. Accordingly, we held that the district court properly resolved the legal question without holding a trial. *Id.* ¶ 10.

**{3}** Here, the offense with which Defendant was charged consists of "intentional misappropriation or taking of anything of value [greater than $20,000] that belongs to another by means of fraudulent conduct, practices or representations." Section 30-16-6(A), (F). The probable cause affidavit attached to the criminal complaint alleges that Defendant contracted with Richard Aguilar to purchase a coffee business in Ruidoso, New Mexico for $43,000 to be paid for with a down payment and in subsequent installments. Defendant paid the down payment, but a few months later stopped making installment payments to Aguilar, thereby breaching the sale contract. Defendant offered to give Aguilar a trailer and any equipment attached to it in exchange for a release of his remaining obligation under the purchase agreement, which Aguilar accepted based on invoices Defendant showed to Aguilar that represented the value of the trailer and the attached equipment to be $43,096. The affidavit states that Defendant admitted altering the invoices to inflate the value of the trailer and the equipment, but maintained that he had done so with Aguilar's consent. A magistrate judge found that this information constituted probable cause that Defendant had committed fraud and issued a warrant for Defendant's arrest.

**{4}** Relying on Rule 5-601(B) and *Foulenfont*, Defendant filed a motion to dismiss the information. He argued that Aguilar's "prior sworn statements and verified pleadings" in ancillary civil proceedings between Aguilar and Defendant "establish, as a matter of law, [that] Defendant obtained no property as a result of a fraudulent act or inducement . . . and [Aguilar] did not rely on any false representation made by Defendant[.]" After the State's opening statement on the morning of Defendant's bench trial, but before the State presented any evidence, counsel for Defendant renewed his motion to dismiss, once again arguing that the State would not be able to prove the elements of fraud beyond a reasonable doubt. The district court granted the motion, finding that "Defendant, through counsel, asserted sworn or otherwise admissible evidence from a related civil proceeding establish[ing that Aguilar] did not rely on any representations by Defendant and did not suffer pecuniary harm as a matter of law." The district court further reasoned that because the State "could offer no evidence which would create a disputed fact" and "did not dispute the facts put forth by Defendant[,]" dismissal under Rule 5-601(B) was appropriate.

**{5}** We disagree, but before we can explain our disagreement we must determine whether the State is permitted to appeal the district court's decision. This is because the double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no "person [shall] be subject for the same offense to be twice put in jeopardy of life or limb[.]" This means that "[t]he [s]tate is barred from appealing when a defendant is acquitted" because any further proceedings in the district court after appeal would violate the Double

2

Jeopardy Clause. *State v. Baca*, 2015-NMSC-021, ¶ 21, 352 P.3d 1151 (internal quotation marks and citation omitted). So the question here is whether the district court's decision below amounted to an acquittal.

**{6}**    This question involves a term of art: whether "jeopardy has attached[.]" *State v. Collier*, 2013-NMSC-015, ¶ 13, 301 P.3d 370. The United States Supreme Court has held that jeopardy attaches in a bench trial when the first witness is sworn. *Crist v. Bretz*, 437 U.S. 28, 37 n.15 (1978). New Mexico courts have been a bit less specific, holding that jeopardy attaches in a bench trial "when the court begins to hear evidence." *State v. Angel*, 2002-NMSC-025, ¶ 8, 132 N.M. 501, 51 P.3d 1155. In any event, the animating purpose behind the two standards is the same:

> [T]he [s]tate with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Serfass v. United States*, 420 U.S. 377, 388 (1975) (internal quotation marks and citation omitted); *see State v. Gutierrez*, 2014-NMSC-031, ¶ 19, 333 P.3d 247 (same (internal quotation marks and citation omitted)). Our Supreme Court has recently noted that a defendant who "deliberately choos[es] to seek termination of the proceedings against him before a determination of his guilt or innocence . . . voluntarily reject[s] the Fifth Amendment protection against being twice placed in jeopardy for the same offense." *Baca*, 2015-NMSC-021, ¶ 41 (internal quotation marks and citation omitted). Hence our Supreme Court distinguishes between "termination [of a trial] based on finding the [s]tate's evidence insufficient[,]" which counts as an acquittal, and "procedural dismissal[s] unrelated to the evidence of [the defendant's] guilt[,]" which do not. *Id.* ¶¶ 36, 42.

**{7}**    Here, the district court characterized its order dismissing the information as a finding that "[t]here are no material factual issues in dispute and the [S]tate cannot prove the prima facie element of pecuniary loss beyond a reasonable doubt as a matter of law." But "a judge's own characterization of his procedural dismissal as an acquittal on the merits cannot control a reviewing court's assessment of the true nature of the action." *Id.* ¶ 42. Here, the district court characterized its order as a finding that the State had presented insufficient evidence to obtain a conviction. But the State had yet to present any evidence whatsoever. So under *Serfass* and *Gutierrez*, jeopardy had not attached.

**{8}**    Defendant suggests that "[even] though no witness had yet been sworn, the [d]istrict [c]ourt nevertheless considered uncontested evidence, discussed without objection from the State, in connection with its dismissal." But the district court did not consider evidence; it considered a proffer by defense counsel as to what the evidence at trial would show, and "statements of counsel are not evidence." *State v. Garcia*, 1978-NMCA-109, ¶ 4, 92 N.M. 730, 594 P.2d 1186. The district court would have only been in a position to acquit

3

Defendant after the State had put forward its own evidence; because the district court terminated the case after the State's opening statement and before any witness was sworn, jeopardy had yet to attach. Accordingly, we view the district court's dismissal of the information as a procedural dismissal and not an acquittal. Thus, because double jeopardy had not attached, we will entertain the State's appeal of that dismissal.

**{9}** The State's argument on appeal is that the district court resolved questions of fact as to the meaning of the release agreement between Defendant and Aguilar, which would be an improper "pretrial attack on the sufficiency of evidence under the guise of a [Rule 5-601] motion." *State v. LaPietra*, 2010-NMCA-009, ¶ 6, 147 N.M. 569, 226 P.3d 668. Defendant, in turn, argues that the "nature of the [trial c]ourt's determination" was a resolution of a purely legal question based on undisputed facts: Aguilar's testimony in a related civil proceeding that the release did not relieve Defendant of his debt under the underlying sale contract and his assertion of a continued security interest in property that was the subject of Defendant and Aguilar's original agreement. But framing the issue as a sufficiency of the evidence problem or a pure question of law does not change the analysis meaningfully either way. What the Court in *Foulenfont* characterized as a "purely legal issue" raised prior to trial—whether a fence is an "other structure" under the burglary statute—can be just as easily characterized as an argument that the state's evidence was insufficient to prove all of the elements of burglary beyond a reasonable doubt. 1995-NMCA-028, ¶¶ 6-7.

**{10}** Adding to the confusion is *Foulenfont*'s characterization of the issue on appeal from the district court's grant of a Rule 5-601 motion as "whether the district court had authority to dismiss the charges prior to a trial on the merits." *Foulenfont*, 1995-NMCA-028, ¶ 1. But Rule 5-601 itself provides the district court with authority to decide a motion to dismiss when a trial is unnecessary, and a trial is unnecessary when the undisputed facts do not make out the elements of the charged crime. *Foulenfont*, 1995-NMCA-028, ¶ 6. So the question of the district court's authority is the same as the merits of its decision. Focusing on whether the nature of the decision involves a pure question of law, or instead turns on disputed questions of fact begs the underlying question: whether the undisputed facts—whether stipulated to by the State or alleged in the indictment or information—show that the State cannot prove the elements of the charged offense at trial, thereby making a trial on the merits unnecessary. More often than not, the question is whether "the [s]tate could reasonably assert the availability of additional evidence." *State v. Gomez*, 2003-NMSC-012, ¶ 7, 133 N.M. 763, 70 P.3d 753. Framing the analysis this way avoids confusing questions about the district court's "authority" to decide a motion or whether the motion involves a question of fact or a pure question of law. It has the added benefit of tying the inquiry to the text of Rule 5-601(B), which looks to whether a motion is "capable of determination without a trial."

**{11}** Applying this analysis, we begin by setting out the elements of the fraud charge the State was required to prove beyond a reasonable doubt at trial: Defendant (1) by any words or conduct, made a promise he had no intention of keeping or misrepresented a fact to Aguilar; (2) intended to deceive or cheat Aguilar; (3) because of the promise or representation and Aguilar's reliance on it, Defendant obtained property or money valued

4

in excess of $20,000; (4) the property or money belonged to someone other than Defendant; and (5) the fraud took place in New Mexico. *See* UJI 14-1640 NMRA; *see also* § 30-16-6. Here, the district court found that "[Aguilar had asserted] in civil judicial pleadings and a UCC-1 filed in the property records of Lincoln County [that] he had not relinquished all right, title[,] and interest in the property allegedly obtained by fraud." We understand the district court to have concluded, based on this evidence, that the State could not prove that Aguilar had relied on Defendant's misrepresentations in releasing him from the original purchase agreement.

**{12}** But the criminal complaint alleged that Aguilar's decision to sign the release was based on Defendant's misrepresentations as to the value of a trailer and attached fixtures. Indeed, the State argued in response to Defendant's motion that it expected Aguilar to testify to that effect at trial. The fact that Aguilar continued to maintain his right to payments under the original purchase agreement in a related civil proceeding is irrelevant to the question of whether Defendant obtained the release itself through his alleged misrepresentation. *See State v. Higgins*, 1988-NMCA-072, ¶ 8, 107 N.M. 617, 762 P.2d 904 ("If a defendant obtains something of value by fraudulent misrepresentations, the fact it is later repaid does not bar prosecution."). All of which is to say that Defendant's motion to dismiss could not be decided without a trial, and the district court's contrary conclusion was in error. Accordingly, the district court's grant of Defendant's motion to dismiss is reversed. The case is remanded for further proceedings.

**{13}** **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**