This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37207**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ZANE TRUOG,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Zane Truog entered a conditional no contest plea to felony possession of a controlled substance (methamphetamine), in violation of NMSA 1978, Section 30-31-23(E) (2011, amended 2019), reserving the issue of whether the district court erred in denying his motion to dismiss. We affirm.

**BACKGROUND**

**{2}**     The following facts are derived from the State's criminal complaint. Defendant was detained late one morning for outstanding warrants for trespassing and assault. As the officer placed Defendant in handcuffs, he noticed Defendant was holding a "plastic baggie" in his right palm containing a "white powder." After being advised of his *Miranda* rights, Defendant stated that "he found the baggie lying on the ground and put it in his pocket[,]" and "he didn't know what was in it." Defendant also admitted that "he . . . tried to get rid of [the baggie] when he saw the police car pull up." The substance in the baggie tested positive for methamphetamine. Although the exact quantity of methamphetamine is unclear from the record, a laboratory report referred to it as a "trace amount."

**{3}**     Defendant filed a motion to dismiss the possession charge, arguing that the State could not prove he knew the baggie contained a controlled substance without additional evidence to corroborate his knowledge. At the hearing on Defendant's motion, the State argued that there was sufficient evidence of Defendant's knowledge based on the facts as set forth in  the complaint—facts to which both Defendant and the State stipulated. The district court agreed and denied Defendant's motion. Defendant conditionally pleaded no contest, reserving his right to appeal the denial of his motion to dismiss. This appeal followed.

## DISCUSSION

**{4}**     "[A] district court may dismiss a criminal information or indictment when guilt turns on a 'purely legal issue' and any relevant 'factual predicate underlying the charges' is undisputed by the state." *State v. Pacheco*, 2017-NMCA-014, ¶ 2, 388 P.3d 307 (quoting *State v. Foulenfont*, 1995-NMCA-028, ¶ 6, 119 N.M. 788, 895 P.2d 1329); *see* Rule 5-601(C) NMRA ("Any defense, objection or request which is capable of determination without a trial on the merits may be raised before trial by motion."). The "underlying question" the district court must answer in deciding a *Foulenfont* motion is "whether the undisputed facts—whether stipulated to by the [s]tate or alleged in the indictment or information—show that the [s]tate cannot prove the elements of the charged offense at trial." *Pacheco*, 2017-NMCA-014, ¶ 10. Often the answer to this question turns on "whether the [s]tate could reasonably assert the availability of additional evidence." *Id.* (internal quotation marks and citation omitted). "Whether a district court properly grants or denies a defendant's motion to dismiss an indictment on purely legal grounds presents a question of law that we review de novo." *State v. Winn*, 2019-NMCA-011, ¶ 9, 435 P.3d 1247.

**{5}**     In order to convict Defendant of possession of methamphetamine, the State must prove beyond a reasonable doubt that: (1) Defendant had methamphetamine in his possession, and (2) Defendant knew the substance in his possession was methamphetamine "or believed it to be some drug or other substance the possession of which is regulated or prohibited by law." UJI 14-3102 NMRA. Defendant continues to challenge the State's ability to prove the second element, arguing that, based on the stipulated facts of the complaint, the State could not prove, as a matter of law, that Defendant knew the trace amount of powder in the baggie was methamphetamine

because there was no corroborating evidence of his knowledge, as required by *State v. Reed*, 1998-NMSC-030, 125 N.M. 552, 964 P.2d 113. We disagree.

**{6}** In *Reed*, the defendant was a passenger in a car that was pulled over for a broken license plate light and the driver's failure to wear a seatbelt. *Id.* ¶ 3. At some point during the stop, the defendant asked the driver for a pack of cigarettes, which the driver gave to him. *Id.* ¶ 5. Although the officer noted that neither of the two men were acting suspiciously, he eventually had both occupants step out of the vehicle and empty their pockets. *Id.* ¶¶ 6-7. The defendant emptied his pockets and produced a cellophane cigarette wrapper. *Id.* ¶ 7. The officer could not see anything on the wrapper until he held it up to a streetlight, at which time he saw a trace amount of what was later determined to be cocaine. *Id.* The chemist who tested the cocaine "estimated [its] weight to be approximately two milligrams, which he equated to about five or six grains of salt." *Id.* ¶ 9.

**{7}** The defendant was convicted of possession of a controlled substance following a jury trial. *Id.* ¶ 11. On appeal, the defendant argued "that mere possession of a wrapper with only a trace amount of cocaine in it is not a sufficient basis to prove knowledge." *Id.* ¶ 15. Our Supreme Court agreed there was no evidence to indicate that the defendant knew the wrapper had a powdery residue in it or that the residue was cocaine. *Id.* ¶ 16. In so holding, the Court noted that the amount of cocaine in the wrapper was so small that it was not immediately apparent to the human eye, the defendant did not flee or otherwise act in a suspicious manner, the officer did not find any drug paraphernalia or other drugs in the vehicle or on the defendant, and the defendant did not make any admission that could support an inference of knowledge. *Id.* The Court also rejected the state's argument that possession of the wrapper itself corroborated the defendant's knowledge "in the same way that finding trace amounts of a controlled substance on other types of drug paraphernalia has been found to corroborate a defendant's knowledge" because the state failed to present evidence at trial that cellophane cigarette wrappers were commonly used to transport and store crack cocaine. *Id.* ¶ 17 (internal quotation marks and citation omitted). Because the Court "[could ]not articulate a coherent rationale" for finding that the defendant knew the wrapper contained cocaine, the Court reversed the defendant's conviction. *Id.* ¶ 18.

**{8}** *Reed* is distinguishable from the instant case in several respects. First, although the laboratory report referred to testing a "trace amount" of methamphetamine, the complaint did not specify that the amount of methamphetamine in the plastic baggie in this case was so slight that it "was not immediately apparent to the human eye." *Id.* ¶ 16. The complaint simply noted that the officer saw a white powder in the baggie. It is also notable that Defendant did not claim that he thought the baggie was empty. Instead he claimed that "he didn't know *what* was in it." (Emphasis added.) *Cf. id.* ¶ 16 (noting that "[t]here was no evidence to indicate [the defendant] knew the wrapper had a white residue in it"). A jury could infer from these facts that Defendant could see the white powder in the baggie. *See State v. Stefani*, 2006-NMCA-073, ¶ 39, 139 N.M. 719, 137 P.3d 659 (stating that a "jury [is] free to draw inferences [from] the facts necessary to support a conviction"). Second, unlike *Reed*, which was decided after the defendant's

trial and conviction, 1998-NMSC-030, ¶ 11, the State still had the opportunity to provide evidence at trial to corroborate Defendant's knowledge, such as demonstrating that plastic baggies, like the one Defendant had, are often used to package methamphetamine. *See Pacheco*, 2017-NMCA-014, ¶ 10 ("More often than not, the question [to be decided in a *Foulenfont* motion] is whether the state could reasonably assert the availability of additional evidence." (alteration, internal quotation marks, and citation omitted)); *cf. State v. Tidey*, 2018-NMCA-014, ¶¶ 3, 26, 409 P.3d 1019 (discussing officer's testimony that small baggies "are commonly used to package methamphetamine").

**{9}** Lastly, in contrast to the defendant in *Reed*, Defendant made an admission from which a jury could infer his knowledge of the contents of the baggie. Defendant admitted to the officer that "he . . . tried to get rid of [the baggie] when he saw the police car pull up." A jury could reasonably infer from this admission that Defendant knew the baggie contained a controlled substance such as methamphetamine. *See State v. Apodaca*, 1994-NMSC-121, ¶ 9, 118 N.M. 762, 887 P.2d 756 ("Concealment may be considered as a circumstance tending to show a consciousness of guilt." (internal quotation marks and citation omitted)); *State v. Montoya*, 1966-NMSC-224, ¶ 10, 77 N.M. 129, 419 P.2d 970 ("Knowledge, like intent, is personal in its nature and may not be susceptible of proof by direct evidence. It may, however, be inferred from occurrences and circumstances."). Given the corroborating evidence that could be used to demonstrate Defendant's knowledge that he possessed illegal narcotics, the district court correctly concluded *Reed* did not mandate dismissal in this case. *See State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964 P.2d 820 ("A defendant's knowledge or intent generally presents a question of fact for a jury to decide.").

**CONCLUSION**

**{10}** For the foregoing reasons, we affirm.

**{11}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**BRIANA H. ZAMORA, Judge**