# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2021-NMCA-058**

**Filing Date: July 27, 2021**

**No. A-1-CA-39220**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**NATHANIEL JULG,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Certiorari Denied, October 20, 2021, No. S-1-SC-38966. Released for Publication November 9, 2021.

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr, LLC
Liane E. Kerr
Albuquerque, NM

for Appellant

## OPINION

**MEDINA, Judge.**

**{1}** Nathaniel Julg (Defendant) appeals the district court's denial of his motion to dismiss the charges against him, following entry of the judgment and sentence upon his conditional guilty plea to two counts of child solicitation by electronic communication device, in violation of NMSA 1978, Section 30-37-3.2 (2007). Defendant argues that the district court erred in finding that notice required in NMSA 1978, Section 30-37-4 (1973) did not apply to prosecutions under Section 30-37-3.2, and as a result erred in denying his motion to dismiss. We affirm.

## BACKGROUND

**{2}** In 2019 a deputy with the San Juan County Sheriff's Office posted an ad online purporting to be a fourteen-year-old girl asking, "How to spend my weekend while my mom works[?]" Defendant responded to the ad identifying himself as a thirty-five-year-old male and stated, "[W]e can hang out." The deputy replied that she was a fourteen-year-old girl to which Defendant responded "kinda young" and then "I don't mind." The deputy and Defendant exchanged nonsexual messages over the next few days. However on their fifth day of correspondence, Defendant began sending the deputy messages that were sexual in nature, including providing her instructions on how to masturbate, and stating, "Oh . . . you are gonna get me in trouble or [I'm] getting myself into trouble." Defendant described how he liked to engage in oral sex with girls and asked if she would participate in those acts. The deputy responded that she would and they made arrangements to meet that day at a local park.

**{3}** Deputies made contact with Defendant when he arrived at the park and placed him under arrest. During Defendant's police interview, he admitted to talking with an underage girl, instructing the girl to commit a sex act, to meeting at the park with the intent to commit a sex act with an underage girl, and stated several times that he knew what he did was wrong and that he was stupid for doing it. A criminal complaint charged Defendant with two counts of child solicitation by electronic communication device.

**{4}** Prior to trial, Defendant filed a motion to dismiss pursuant to *State v. Foulenfont*, 1995-NMCA-028, ¶ 6, 119 N.M. 788, 895 P.2d 1329, in which he asserted that the "notice" requirement in Section 30-37-4 was an essential element of the offense of child solicitation by electronic communication device. In his motion Defendant asserted that the district attorney of San Juan County was required, but failed, to make a determination that the acts underlying Defendant's charges were harmful to minors and without such a determination, he could not have received actual or constructive notice as required under Section 30-37-4. The State responded that Section 30-37-4 does not apply to solicitation charges under Section 30-37-3.2, but even if notice was required Defendant had constructive notice because the statute is published on the state's website.

**{5}** After a hearing, the district court denied Defendant's motion, and in a written order found in part that "[t]he [n]otice [r]equirement in [Section] 30-37-4 does not apply to [Section] 30-37-3.2" and "Defendant had constructive notice of the criminality of his actions from the clear statutory language of [Section] 30-37-3.2."

**{6}** Defendant subsequently entered conditional guilty pleas to both charges, reserving the right to appeal the denial of his motion to dismiss. The district court accepted the plea agreement and entered a judgment sentencing Defendant to a three-year commitment to the New Mexico Department of Corrections with a two-year period of parole.

**{7}** This appeal followed.

**DISCUSSION**

**{8}** " '[A] district court may dismiss a criminal information or indictment when guilt turns on a 'purely legal issue' and any relevant 'factual predicate underlying the charges' is undisputed by the state.' " *State v. Pacheco*, 2017-NMCA-014, ¶ 2, 388 P.3d 307 (quoting *Foulenfont*, 1995-NMCA-028, ¶ 6); *see* Rule 5-601(C) NMRA ("Any defense, objection or request which is capable of determination without a trial on the merits may be raised before trial by motion."). The "underlying question" the district court must answer in deciding a *Foulenfont* motion is "whether the undisputed facts—whether stipulated to by the [s]tate or alleged in the indictment or information—show that the [s]tate cannot prove the elements of the charged offense at trial[.]" *Pacheco*, 2017-NMCA-014, ¶ 10.

**{9}** Defendant argues that in order to convict him of child solicitation by electronic communication device, the State was required to comply with the "notice" requirement of Section 30-37-4 and that the district court erred in concluding that Section 30-37-4 did not apply to prosecutions brought under Section 30-37-3.2. Alternatively, Defendant argues that if this Court concludes that the notice requirement does not apply to Section 30-37-3.2, we should declare Section 30-37-3.2[1] void for vagueness or apply the rule of lenity. The State responds that the notice provision of Section 30-37-4 does not apply to Section 30-37-3.2.

**{10}** The parties' arguments require that we construe Section 30-37-4 in conjunction with Section 30-37-3.2. This Court reviews issues of statutory interpretation de novo. *State v. Tufts*, 2016-NMSC-020, ¶ 3, 500 P.3d 600. Our primary goal when interpreting statutory language is "to give effect to the Legislature's intent." *State v. Almanzar*, 2014-NMSC-001, ¶ 14, 316 P.3d 183 (internal quotation marks and citation omitted). In doing so, we first look to the plain language of the statue and give "the words their ordinary meaning, unless the Legislature indicates a different one was intended." *Id.* (internal quotation marks and citation omitted). "In addition to looking at the statute's plain language, we will consider its history and background and how the specific statute fits within the broader statutory scheme." *Chatterjee v. King*, 2012-NMSC-019, ¶ 12, 280 P.3d 283. When interpreting a statute that has been amended, "the amended language must be read within the context of the previously existing language, and the old and new language, taken as a whole, comprise the intent and purpose of the statute[.]" *Vigil v. Thriftway Mktg. Corp.*, 1994-NMCA-009, ¶ 15, 117 N.M. 176, 870 P.2d 138. We must also "read the statute in its entirety and construe each part in connection with every other part to produce a harmonious whole." *Key v. Chrysler Motors Corp.*, 1996-NMSC-038, ¶ 14, 121 N.M. 764, 918 P.2d 350.

**{11}** We begin our analysis with Section 30-37-4, which sets out the "notice" requirement Defendant contends applies to the crime of child solicitation by electronic device. Section 30-37-4 is included in the Sexually Oriented Material Harmful to Minors

---

1We understand Defendant to be asserting Section 30-37-3.2 is void for vagueness despite his failure to identify any statute in this section of his brief.

Act (the Act), NMSA 1978, §§ 30-37-1 to -10 (1973, as amended through 2007). Section 30-37-4 (A) of the Act provides in relevant part:

> No prosecution based under this [A]ct shall be commenced unless the district attorney of the county in which the offense occurs shall have previously determined that the matter or performance is harmful to minors and the defendant shall have received actual or constructive notice of such determination. Persons shall be presumed to have constructive notice of such determination on the fifth business day following publication of a notice of such determination in a newspaper of general circulation in the county in which the prosecution takes place.

On its face, Section 30-37-4(A) prohibits prosecutions of crimes identified in the Act, without a prior determination that "the matter or performance" is harmful and actual or constructive notice thereof. As we discuss below, an examination of the statute as a whole reveals that "matters" or "performances" does not include child solicitation as Defendant contends.

**{12}** Section 30-37-4(A) requires a district attorney to determine whether a "matter or performance is harmful to minors" but does not designate which matters or performances are subject to such a determination, nor does it provide criteria for a determination of harm. We therefore look to other sections of the Act for insight into the Legislature's intent with regard to Section 30-37-4.

**{13}** We first turn to Section 30-37-8, which provides for the uniform application of the Act. Section 30-37-8 states in relevant part that "it is intended that the sole and only regulation of the sale, distribution or provision of any *matter* described in Section [30-37-2], or admission to, or exhibition of, any *performance* described in Section [30-37-3], shall be under this [A]ct[.]" (Emphases added.) The "matters or performances" referenced in Section 30-37-4 are set out in Sections 30-37-2 and 30-37-3. Additionally, we observe that a definition of the phrase "harmful to minors" appears in Section 30-37-1(F). Accordingly, we next turn to Sections 30-37-1, 30-37-2, and 30-37-3.

**{14}** As the State points out, Section 30-37-4 was enacted together with Sections 30-37-1 through 30-37-3 in 1973, none of which has been amended since enactment. Together these Sections prohibit the dissemination and display of media that contains material harmful to minors. Section 30-37-2(A) prohibits the sale, distribution, or display of photographs, motion pictures, books, magazines, etc., "which depicts nudity, sexual conduct, sexual excitement or sado[]masochistic abuse" and which is "harmful to minors." Section 30-37-3 prohibits sales of tickets to minors or the admission of minors to motion pictures or other presentations depicting "nudity, sexual conduct or sado[]masochistic abuse and which is harmful to minors." And Section 30-37-1(F) defines the phrase "harmful to minors" to mean

that quality of any description of representation, in whatever form, of nudity, sexual conduct, sexual excitement or sado[]masochistic abuse, when it:

> (1)   predominantly appeals to the prurient, shameful or morbid interest of minors; and
>
> (2)   is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable material for minors; and
>
> (3)   is utterly without redeeming social importance for minors[.]

These sections generally prohibit the sale, dissemination, and display of media containing material harmful to minors, and define the general characteristics of such materials, but leave the determination as to whether specific content satisfies this definition to local district attorneys under Section 30-37-4.

{15}   Following the 1973 enactments, in 1983 the Legislature enacted Sections 30-37-3.1 and 30-37-9. Section 30-37-3.1 prohibits showing motion pictures depicting unclothed sexual conduct in outdoor theaters. Notably, Section 30-37-3.1 does not include a statement that such depictions are "harmful to minors" and specifically excludes the notice requirement under Section 30-37-4. Section 30-37-9 articulates the Legislature's intent in enacting the various sections included in the Act and provides that "[t]he [L]egislature finds that children do not have the judgment necessary to protect themselves from harm and that the [L]egislature has the inherent power to control commercial conduct within this state for the protection of minors in a manner that reaches beyond the scope of its authority to protect adults." In 1985, the Legislature enacted a provision addressing media containing material harmful to minors,[2] after which no other sections were added to the Act until Section 30-37-3.2's enactment in 1998.

{16}   The 1998 enactment of Section 30-37-3.2(A) prohibits solicitation of minors through electronic communications and provides in relevant part:

> Child solicitation by electronic communication device consists of a person knowingly and intentionally soliciting a child under sixteen years of age, by means of an electronic communication device, to engage in sexual intercourse, sexual contact or in a sexual or obscene performance, or to engage in any other sexual conduct when the perpetrator is at least four years older than the child.

Unlike other sections in the Act, Section 30-37-3.2 does not prohibit commercial conduct such as the sale, dissemination, or display of media but instead addresses knowing and intentional communications between minors and perpetrators. Section 30-

---

[2]Section 30-37-2.1 supplements the prohibitions set forth in Section 30-37-2.

37-3.2 also differs from Section 30-37-2 and Section 30-37-3 in that it identifies the specific prohibited communications without qualifying them as "harmful to minors." The omission of the "harmful to minors" qualification is particularly significant as its inclusion in Sections 30-37-2 through 30-37-3 directly ties those sections to the determination required under Section 30-37-4. These distinctions evidence a legislative intent to prohibit the types of communications addressed in Section 30-37-3.2 without requiring a separate determination that they are harmful to minors.

{17}    However, we acknowledge that like Section 30-37-3.2, Section 30-37-3.1 omits the "harmful to minors" qualification, but Section 30-37-3.1 also specifically excludes the notice requirement of Section 30-37-4. Although this apparent inconsistency might weigh against a conclusion that the Legislature intended to exclude the notice requirement from Section 30-37-3.2, we do not believe that it does.

{18}    As discussed above, the Legislature enacted Section 30-37-3.1 as an addition to previously enacted sections of the Act that generally prohibits media content that is harmful to minors. With regard to Sections 30-37-2 through 30-37-3, the Legislature defined the general characteristics of media content that is harmful to minors in Section 30-37-1(F) but also recognized that determining whether particular content meets the definition requires nuanced consideration and therefore delegated the determination to local district attorneys in Section 30-37-4. Because these determinations are delegated to local district attorneys, Sections 30-37-2 through 30-37-3 standing alone are inadequate to provide notice to businesses that might violate the statutes. Hence, the Legislature included a notice provision in Section 30-37-4.

{19}    However, unlike the forms of media addressed in Sections 30-37-2 through 30-37-3, Section 30-37-3.1 serves the special purpose of prohibiting explicit content in outdoor theaters where the likelihood of exposure to minors is increased. Under these circumstances the Legislature categorically prohibited showing "unclothed sexual conduct," which it separately defined. *See* § 30-37-3.1(B). Given the express prohibition against motion pictures depicting unclothed sexual conduct in outdoor theaters, it is apparent that the Legislature decided that the separate determination of harm and notice thereof, required for prosecutions under Sections 30-37-2 and 30-37-3, are not required for prosecutions under Section 30-37-3.1. Nevertheless, because Section 30-37-3.1 pertains to media content the Legislature explicitly excluded the harm determination and notice requirements of Section 30-37-4 that would otherwise apply.

{20}    In contrast, Section 30-37-3.2 does not address media content but instead prohibits direct sexual solicitation of minors through electronically generated communications. Similar to Section 30-37-3.1, Section 30-37-3.2(A) explicitly defines the prohibited conduct—the electronic solicitation of a child under sixteen years of age to engage in various forms of sexual conduct by a perpetrator who is at least four years older than the child. Therefore a separate determination that the content is harmful to minors is not required. Because a separate determination of harm is unnecessary it follows that the correlating notice requirement in Section 30-37-4 does not apply.

**{21}** Moreover, as we previously observed, the prohibited conduct in Section 30-37-3.2 is distinct from the prohibited conduct in Sections 30-37-2 through Sections 30-37-3.1 in that Section 30-37-3.2 does not prohibit media content but rather electronic communications in which the perpetrator is soliciting minors to engage in sexual conduct. That is, solicitation of minors through electronic communications, as prohibited in Section 30-37-3.2, is not a "matter" or "performance" subject to the determination and notice requirements in Section 30-37-4. Therefore, there was no need for the Legislature to specifically exclude the notice requirement of Section 30-37-4 and no such notice is required. Based on the foregoing, we conclude that the determination and notice requirements of Section 30-37-4 do not apply to prosecutions under Section 30-37-3.2 and therefore hold that the district court did not err in concluding the same.

**{22}** We next consider Defendant's contention that we should apply the rule of lenity. "A statute is ambiguous for the purpose of the rule of lenity only if reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute." *State v. Hall*, 2013-NMSC-001, ¶ 19, 294 P.3d 1235 (emphasis, internal quotation marks, and citation omitted). In light of the foregoing construction of Sections 30-37-3.2 and 30-37-4, we see no insurmountable ambiguity nor are we left with a reasonable doubt about the intended scope of these statutes. Therefore, we decline to apply the rule of lenity.

**{23}** Defendant alternatively argues that if the notice requirement under the Act is not required, Section 30-37-3.2 should be declared void for vagueness because Section 30-37-3.2 does not provide clear notice of what is prohibited or there are no clear standards as to what is prohibited and as such, Section 30-37-3.2 violates his due process rights guaranteed by the Constitutions of the United States and the State of New Mexico. *See* U.S. Const. amends. VI and XIV; N.M. Const. art. II, § 18. We consider Defendant's void for vagueness argument despite his failure to preserve it in the proceedings below. *See State v. Laguna*, 1999-NMCA-152, ¶ 23, 128 N.M. 345, 992 P.2d 896 (reviewing a void for vagueness argument about a criminal statute despite a lack of preservation); *see also State v. Chavez*, 2019-NMCA-068, ¶ 11, 451 P.3d 115 ("[W]e review void[ ]for[ ]vagueness constitutional claims even when they are not preserved below.").

**{24}** "We review a vagueness challenge de novo in light of the facts of the case and the conduct which is prohibited by the statute." *State v. Smile*, 2009-NMCA-064, ¶ 17, 146 N.M. 525, 212 P.3d 413 (internal quotation marks and citation omitted). We apply "a two-part test for vagueness, considering whether the statute (1) fails to provide persons of ordinary intelligence using ordinary common sense a fair opportunity to determine whether their conduct is prohibited, or (2) fails to create minimum guidelines for enforcement and thus encourages subjective and ad hoc application of the law." *State v. Tsosie*, 2011-NMCA-115, ¶ 31, 150 N.M. 754, 266 P.3d 34 (alterations, omissions, internal quotation marks, and citation omitted). In doing so we exercise the "strong presumption of constitutionality [that] underlies each legislative enactment, and [hold] the party challenging constitutionality [to its] burden of proving [the] statute is unconstitutional beyond all reasonable doubt." *Laguna*, 1999-NMCA-152, ¶ 24.

Appellate courts "have a duty to construe a statute in such a manner that it is not void for vagueness if a reasonable and practical construction can be given to its language." *State v. Segotta*, 1983-NMSC-092, ¶ 5, 100 N.M. 498, 672 P.2d 1129.

**{25}**   Defendant limits his void for vagueness challenge to the first part of the test—and we limit our discussion accordingly.[3] In particular, Defendant contends that because Section 30-37-4 "specifically states that notice should be by publication and the district attorney failed to pose such notice," he lacked notice of the prohibited conduct. We reject Defendant's void for vagueness arguments for two reasons. First, we have concluded above that solicitation of minors through electronic communications, as described and prohibited in Section 30-37-3.2, are not "matters" or "performances" subject to the notice requirements in Section 30-37-4. Second, the conduct prohibited by the statute—solicitation of minors through electronic communications—is straightforward such that a person of ordinary intelligence using common sense would understand that Section 30-37-3.2 prohibits an individual from using an electronic device to knowingly and intentionally solicit a child under sixteen years of age, to engage the identified sexual acts, when the individual is at least four years older than the child.

**{26}**   As applied in this case, we have no difficulty in determining that Section 30-37-3.2 provided fair warning that Defendant's conduct of sending the undercover officer, whom he believed to be fourteen years of age, messages with instructions on how to masturbate and making arrangements to meet with her in order to engage in specific sexual acts, was prohibited. Defendant himself conceded that "he knew what he did was wrong and that he was stupid for doing it."

**CONCLUSION**

**{27}**   For the foregoing reasons we affirm the district court's denial of Defendant's motion to dismiss.

**{28}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

---

[3]Aside from citing cases discussing minimum guidelines relating to the enforcement of criminal statutes, Defendant offers no argument explaining how Section 30-37-3.2 encourages subjective and ad hoc application of the law. *See Lukens v. Franco*, 2019-NMSC-002, ¶ 5, 433 P.3d 288 (stating that "counsel should properly present this [C]ourt with the issues, arguments, and proper authority. Mere reference in a conclusory statement will not suffice and is in violation of our rules of appellate procedure" (internal quotation marks and citation omitted)). We will not develop Defendant's arguments for him, nor will we guess at what his arguments might be. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. As such, we do address the second part of the test.

**MEGAN P. DUFFY, Judge**