This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38751**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**JEREMY BADHAND,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Melissa A. Kennelly, District Judge**

Hector H. Balderas, Attorney General
Van Snow, Assistant Attorney General
Santa Fe, NM

for Appellee

Ben A. Ortega
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     Defendant Jeremy Badhand appeals his conviction for resisting an officer, contrary to NMSA 1978, Section 30-22-1(D) (1981). Defendant contends the district court improperly denied his motion to dismiss for violation of his speedy trial rights. Seeing no error, we affirm.

**DISCUSSION**

**{2}**     Defendant raises a single issue on appeal: the district court's denial of his motion to dismiss on speedy trial grounds. We review this issue in light of the four-factor

balancing test articulated in *Barker v. Wingo*, 407 U.S. 514 (1972), under which courts balance: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. When reviewing a district court's denial of a speedy trial motion, we defer to the district court's factual findings and review the court's application of the *Barker* factors de novo. *State v. Spearman*, 2012-NMSC-023, ¶ 19, 283 P.3d 272.

**{3}** There is no dispute that the length of the delay in this case crossed the threshold to trigger further inquiry. *State v. Urban*, 2004-NMSC-007, ¶ 11, 135 N.M. 279, 87 P.3d 1061. Applying the first *Barker* factor, we have previously held that a delay of six months past the triggering point for a speedy trial analysis weighs only slightly in Defendant's favor. *State v. Montoya*, 2011-NMCA-074, ¶ 17, 150 N.M. 415, 259 P.3d 820. Here, the delay was approximately eight-and-one-half months past the presumptive period. Accordingly, we weigh this factor in Defendant's favor, although not heavily.

**{4}** Next, the reason for the delay—as determined by the district court—was the district court's administrative errors. "[N]egligent or administrative delay weighs less heavily but nevertheless weighs against the [s]tate because the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *State v. Ochoa*, 2017-NMSC-031, ¶ 18, 406 P.3d 505 (internal quotation marks and citation omitted). Given that the delays in this case were caused by the district court's administrative errors, we weigh this factor slightly in Defendant's favor.[1]

**{5}** Under the third *Barker* factor, we assess the timing of the defendant's assertion of his speedy trial right and the manner in which he asserted it. *Spearman*, 2012-NMSC-023, ¶ 31. We weigh the frequency and force of the defendant's objections to any trial delays and analyze the defendant's actions in regards to those delays. *See State v. Garza*, 2009-NMSC-038, ¶ 32, 146 N.M. 499, 212 P.3d 387. Defendant made an initial speedy trial demand in magistrate court, but did not renew that demand when he was bound over to district court. Defendant did not object to the State's two requests for trial dates, but also did not file any of his own. Defendant's motion to dismiss functions as an assertion of his speedy trial right, but our Supreme Court has found that such a motion does not constitute an "impressive or aggressive" assertion of the speedy trial right. *Spearman*, 2012-NMSC-023, ¶ 33. On the whole, Defendant timely asserted his right to a speedy trial, though not forcefully. We weigh this factor in Defendant's favor.

**{6}** The final *Barker* factor examines the actual prejudice caused by the trial delay. Three sources of prejudice arise from a trial delay: "(1) oppressive pretrial incarceration, (2) anxiety and concern of the accused," and "(3) impairment of the defense." *Urban*, 2004-NMSC-007, ¶ 17. Defendant does not claim that his defense was impaired as a result of the delay. Accordingly, we confine our analysis to the first two types of

---

[1]Defendant contends the administrative delay was a result of the district court's improper indifference, which, he maintains, warrants weighing this factor more heavily in his favor. Our review of the record does not support Defendant's contentions.

prejudice. We weigh the effect of pretrial incarceration or anxiety and concern in the defendant's favor only if the pretrial incarceration or anxiety is undue. *See Garza*, 2009-NMSC-038, ¶ 35. "The oppressive nature of the pretrial incarceration depends on the length of the incarceration, whether the defendant obtained release prior to trial, and what prejudicial effects the defendant has shown as a result of the incarceration." *Id.* The defendant must make a particularized showing of prejudice, and "we will not speculate as to the impact of pretrial incarceration on a defendant or the degree of anxiety a defendant suffers." *Id.*

**{7}**     Defendant was incarcerated for approximately eighty days before trial. Defendant argues that this period of incarceration was undue because it occurred after the presumptively prejudicial threshold of time had passed. However, Defendant provides no authority supporting this contention. Further, we note that the reason Defendant was incarcerated was because the district court revoked his conditions of release after he was rearrested on new felony charges. Defendant's own actions led to the revocation of his conditions of release, and he has provided no argument or authority to explain why his confinement qualifies as "undue" under the circumstances. *State v. Godoy*, 2012-NMCA-084, ¶ 5, 284 P.3d 410 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**{8}**     As to the concern and anxiety created by his pretrial incarceration, Defendant argues that he was unable to seek inpatient medical treatment as a result of his incarceration. Defendant asserts that this inability to seek treatment resulted in a heightened degree of anxiety and oppression. However, Defendant did not produce particularized evidence in the form of affidavits, testimony, or documentation supporting his claims. *See Spearman*, 2012-NMSC-023, ¶ 39. Instead, defense counsel merely asserted that Defendant was delayed in seeking care in the motion to dismiss and during the motion hearing. "[S]tatements of counsel are not evidence." *State v. Pacheco*, 2017-NMCA-014, ¶ 8, 388 P.3d 307 (internal quotation marks and citation omitted). Consequently, Defendant has not established that his pretrial incarceration resulted in undue anxiety or concern. *See Urban*, 2004-NMSC-007, ¶ 18 (stating that the defendant bears the burden of production on this issue). In sum, Defendant has not shown that the delay in trial prejudiced him.

**{9}**     When balancing the four *Barker* factors, our Supreme Court has instructed that a defendant must establish particularized prejudice, and can only overcome an absence of prejudice when the other three *Barker* factors weigh heavily in his favor. *See Garza*, 2009-NMSC-038, ¶ 39. Here, Defendant has not shown that he suffered undue prejudice as a result of the delay, and the other three factors weigh in his favor, but not heavily. We thus conclude that Defendant's right to a speedy trial was not violated.[2]

---

[2]Defendant contends that if this Court holds that his right to speedy trial under the Sixth Amendment to the United States Constitution was not violated, we should find that his right under Article II, Section 14 of the New Mexico Constitution was violated. Defendant, however, fails to develop an argument under the interstitial approach why we should diverge from federal precedent. *See State v. Gomez*, 1997-NMSC-006, ¶ 19, 122 N.M. 777, 932 P.2d 1 (identifying three reasons why we may diverge from federal

**CONCLUSION**

**{10}** For the foregoing reasons, Defendant's conviction is affirmed.

**{11}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**

---

precedent, in considering whether the New Mexico Constitution provides broader protection: "a flawed federal analysis, structural differences between state and federal government, or distinctive state characteristics"). We therefore decline to consider this argument. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what [a] part[y's] arguments might be").