This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40006**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ISIDORO OJEDA-LIRA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Michael H. Stone, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant Isidoro Ojeda-Lira appeals his conviction for criminal sexual contact of a minor (child under thirteen), contrary to NMSA 1978, Section 30-9-13(C)(1) (2003). On appeal, Defendant argues the district court improperly denied his motion to dismiss for a speedy trial violation. Seeing no error, we affirm.

## DISCUSSION

**{2}** Defendant raises a single issue on appeal: the district court's denial of his motion to dismiss on speedy trial grounds. We review this issue in light of the four-factor balancing test articulated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), under which courts balance: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. When reviewing a district court's denial of a speedy trial motion, we defer to the district court's factual findings and review the court's application of the *Barker* factors de novo. *State v. Spearman*, 2012-NMSC-023, ¶ 19, 283 P.3d 272.

**{3}** There is no dispute that the length of the delay in this case crossed the threshold to trigger further inquiry. *See State v. Urban*, 2004-NMSC-007, ¶ 11, 135 N.M. 279, 87 P.3d 1061. Here, the parties agree that the delay amounted to approximately forty-five months, which is thirty months beyond the presumptive period for a case of intermediate complexity. *See State v. Garza*, 2009-NMSC-038, ¶ 2, 146 N.M. 499, 212 P.3d 387 (designating fifteen months as the threshold length of delay for triggering a speedy trial inquiry for cases of intermediate complexity). We have previously held that a delay of more than twice the presumptive period weighs heavily against the State, and so conclude here. *See State v. Deans*, 2019-NMCA-015, ¶ 9, 435 P.3d 1280.

**{4}** Under the second *Barker* factor, "[t]he reasons for a period of the delay may either heighten or temper the prejudice to the defendant caused by the length of the delay." *Garza*, 2009-NMSC-038, ¶ 25. Defendant argues that of the forty-five months of delay, approximately seventeen months are neutral based on the natural progression of the case, slightly over six months weigh against Defendant, and twenty-two months weigh against the State, although much of that delay was administrative in nature. *See State v. Ochoa*, 2017-NMSC-031, ¶¶ 22-23, 406 P.3d 505 (stating that administrative or negligent delay weighs against the state, though less heavily); *State v. Valencia*, 2010-NMCA-005, ¶ 18, 147 N.M. 432, 224 P.3d 659 (describing neutral delay as "periods of time considered 'inevitable' and periods during which the case is moved 'toward trial with customary promptness'" that "are not to be weighed against the [s]tate"). The State asserts that approximately eleven months of the delay are neutral, sixteen months are attributable to Defendant, and eighteen months weigh against the State, though more than half of that delay was administrative in nature. Whether we accept Defendant's apportionment or the State's, our conclusion is the same—the reasons for the delay weigh slightly against the State. *See, e.g., State v. Samora*, 2016-NMSC-031, ¶ 18, 387 P.3d 230 (providing that where "twenty-five months weigh slightly against the [s]tate, seventeen months weigh against [the d]efendant, and twenty months weigh neutrally, . . . the parties bear a similar responsibility for the delays, and this factor weighs only slightly against the [s]tate").

**{5}** Under the third *Barker* factor, we assess the timing of Defendant's assertion of his speedy trial right and the manner in which he asserted it. *See Spearman*, 2012-NMSC-023, ¶ 31. We weigh "the frequency and force of the defendant's objections to the delay" and "analyze the defendant's actions with regard to the delay." *Garza*, 2009-NMSC-038, ¶ 32 (internal quotation marks and citation omitted). Here, Defendant first made a speedy trial demand through his substitute counsel's entry of appearance,

nearly four and a half years after charges were initially filed against him. *State v. Moreno*, 2010-NMCA-044, ¶ 33, 148 N.M. 253, 233 P.3d 782 ("[G]enerally, the closer to trial an assertion is made, the less weight it is given."). Defendant's substitute counsel filed a motion to dismiss shortly after entering his appearance. The motion to dismiss also asserted Defendant's speedy trial right. On the whole, Defendant's assertion of the right came late in this case and did not constitute an "impressive or aggressive" assertion. *Spearman*, 2012-NMSC-023, ¶ 33. For these reasons, we conclude that this factor should weigh only slightly in Defendant's favor. *See State v. Maddox*, 2008-NMSC-062, ¶ 31, 145 N.M. 242, 195 P.3d 1254 (weighing factor slightly in the defendant's favor where "[the d]efendant's assertions were neither timely nor forceful"), *abrogated on other grounds by Garza*, 2009-NMSC-038, ¶¶ 47-48.

**{6}**     The final *Barker* factor examines the prejudice caused by the trial delay. Our analysis here centers on whether Defendant suffered particularized prejudice. *See Garza*, 2009-NMSC-038, ¶ 39 (holding that "generally a defendant must show particularized prejudice of the kind against which the speedy trial right is intended to protect"). Three sources of prejudice might arise from a trial delay: (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) impairment of the defense. *Urban*, 2004-NMSC-007, ¶ 17. Given that Defendant does not argue that he suffered oppressive pretrial incarceration, we focus our analysis on whether he endured undue anxiety and concern and whether his defense was impaired. *See Garza*, 2009-NMSC-038, ¶ 35.

**{7}**     The defendant must make a particularized showing of prejudice, and "we will not speculate as to the impact of . . . the degree of anxiety a defendant suffers." *Id.* At the hearing on the motion to dismiss for a speedy trial violation, defense counsel gave the following proffer regarding Defendant's anxiety and concern:

> Your honor, if allowed to testify, my client would say that this case has been pending since four and a half years ago. That as a result of the case pending, it has created a lot of anxiety and stress in his life. He would testify, your honor, that it has been problems where he works in the oil industry in terms of maintaining focus within his employment and also maintaining healthy relationships with other adults. In terms of his personal freedoms, the case for four and a half years have limited his employment opportunities. He has been offered a better job in the state of Florida, which he has been unable to take. He has been unable to travel outside of . . . Lea County and the State of New Mexico. And he would testify that on two occasions where the case got dismissed back in 2016 and 2018 that he felt very happy and he felt that he would put this torture behind and that he would be able to lead a normal life.

Defendant did not produce particularized evidence in the form of affidavits, testimony, or documentation supporting his counsel's proffer. *See Spearman*, 2012-NMSC-023, ¶ 39. Instead, defense counsel merely claimed that Defendant had suffered prejudice in his work and in his personal relationships. Generally, "statements of counsel are not

evidence." *State v. Pacheco*, 2017-NMCA-014, ¶ 8, 388 P.3d 307 (internal quotation marks and citation omitted). However, even if we were to accept these allegations as true, "[s]uch non-specific testimony is insufficient to distinguish [a d]efendant's anxiety, concern, and disruption of life from that befalling any individual awaiting trial on criminal charges." *State v. Prieto-Lozoya*, 2021-NMCA-019, ¶ 48, 488 P.3d 715; *see Garza*, 2009-NMSC-038, ¶ 35, 146 N.M. 499, 212 P.3d 387 ("[W]e weigh this factor in the defendant's favor only where . . . the anxiety suffered is undue."). *But see State v. Montoya*, 2015-NMCA-056, ¶ 25, 348 P.3d 1057 ("A defendant is not required to show that he experienced greater anxiety and concern than that attending most criminal prosecutions. The operative question is whether the anxiety and concern, once proved, has continued for an unacceptably long period." (internal quotation marks and citations omitted)). Furthermore, Defendant did not claim that he lost his employment as a result of the pending charges, and as both the State and the district court noted, Defendant never sought to amend the conditions of his release in order to travel outside of New Mexico. Consequently, Defendant has not established that the delay resulted in "undue" anxiety or concern. *See Urban*, 2004-NMSC-007, ¶ 18 (stating that the defendant bears the burden of production on this issue).

**{8}** Defendant otherwise claims he suffered prejudice because the delay caused by the State impaired his defense. In particular, Defendant points to the State's late disclosure of a DNA report because "without the DNA report and its contents, a defense expert would be hard-pressed to provide an opinion on the DNA evidence in this case." However, Defendant first learned of the DNA report in a pretrial hearing in August 2019. One year later, in August 2020, Defendant announced that he was still unprepared for trial. At that point, he requested additional time to interview the victim and retain two expert witnesses—a DNA expert and a psychologist. By November 2020, Defendant had not yet prepared the witnesses for trial. When the trial finally occurred in March 2021, more than a year and a half after disclosure of the report, Defendant did not present any expert witnesses. The record shows that Defendant had ample time to prepare for trial and that the delays did not result in impairment to his defense. Ultimately, Defendant has not shown that the delay in trial resulted in particularized prejudice.

**{9}** When balancing the four *Barker* factors, our Supreme Court has instructed that a defendant must make an affirmative showing of particularized prejudice unless the other three *Barker* factors weigh heavily in his favor. *See Garza*, 2009-NMSC-038, ¶ 39. Here, Defendant has not shown that he suffered particularized prejudice as a result of the delay. As for the other three factors, the length of the delay weighs heavily in Defendant's favor, but the fact that Defendant was responsible for at least six months of the delay and much of the remaining delay was administrative in nature leads us to conclude that the reasons for the delay serve to temper the prejudice caused by the length of the delay, *see Garza*, 2009-NMSC-038, ¶ 25, and the assertion of the right factor weighs only slightly in Defendant's favor. We thus conclude that Defendant's right to a speedy trial was not violated.

**CONCLUSION**

**{10}**　For the foregoing reasons, we affirm.

**{11}　IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**