This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40733**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSE LUIS VIERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant is appealing from a judgment and sentence filed after he entered a conditional plea, reserving the right to challenge the denial of his motion to dismiss. [RP 154, 160, 168] We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Defendant was charged with possession of more than eight ounces of Cannabis, in violation of NMSA 1978, Section 26-2C-30(B)(2) (2021). Prior to trial, Defendant filed a motion to dismiss this count, pursuant to *State v. Foulenfont*, 1995-NMCA-028, ¶ 6,

119 N.M. 788, 895 P.2d 1329, claiming that the undisputed facts showed that he could only be subject to a penalty assessment under NMSA 1978, Section 26-2C-27(B)(1) (2021), because he was in possession of eight marijuana plants. [RP 61]

**{3}** "[A] district court may dismiss a criminal information or indictment when guilt turns on a 'purely legal issue' and any relevant 'factual predicate underlying the charges' is undisputed by the state." *State v. Pacheco*, 2017-NMCA-014, ¶ 2, 388 P.3d 307 (quoting *Foulenfont*, 1995-NMCA-028, ¶ 6); *see* Rule 5-601(C) NMRA ("Any defense, objection or request which is capable of determination without a trial on the merits may be raised before trial by motion."). The "underlying question" the district court must answer in deciding a *Foulenfont* motion is "whether the undisputed facts— whether stipulated to by the [s]tate or alleged in the indictment or information—show that the [s]tate cannot prove the elements of the charged offense at trial." *Pacheco*, 2017-NMCA-014, ¶ 10.

**{4}** The alleged facts indicate that the eight marijuana plants were confiscated from Defendant's vehicle during a traffic stop. [RP 96] Defendant correctly observes that a penalty assessment under Section 26-2C-27(B)(1) is applicable for personal production of up to twelve marijuana plants. His contention is that the State is attempting to circumvent this provision by relying on the combined weight of the cannabis flower that was removed from the plants. However, in order for a penalty assessment under Section 26-2C-27(B)(1) to apply, the plants have to have been produced by the individual who is charged with possession. As applied here, the undisputed facts would have to establish that Defendant produced the plants, and he would then be subject only to the penalty assessment for being in possession of more than six and less than twelve plants. *See* NMSA 1978, § 26-2C-2(I)(1) (2021) (defining "cannabis producer" as one who "cultivates cannabis plants"). In this case, as noted by the district court [RP 122], there were no facts to indicate that Defendant produced the plants. To the contrary, the State asserted that Defendant told the arresting officer that the plants were given to him by a friend. [RP 96] Therefore, the State indicated that the evidence would support a finding that the personal production exception would not apply, and that a *Foulenfont* dismissal would therefore be inappropriate. *See State v. Muraida*, 2014-NMCA-060, ¶ 12 (explaining that dismissal of charges under *Foulenfont* "can only be granted if such charges can be disposed of solely by deciding a question of law"); *State v. LaPietra*, 2010-NMCA-009, ¶ 7, 147 N.M. 569, 226 P.3d 668 ("Questions of fact . . . are the unique purview of the jury and, as such, should be decided by the jury alone.").

**{5}** Defendant's memorandum in opposition claims that the State has not established that the confiscated buds and leaves contained cannabis, as defined by NMSA 1978, Section 26-2C-2(B)(1) (2021). [MIO 5] Although Defendant also makes reference to cannabis extract and edibles, it is clear from the State's factual allegations that they were relying on possession of at least eight ounces of cannabis, and not these two alternative provisions on Section 26-2C-30(B)(2). [RP 96] Defendant argues that the State failed to produce lab results that would support possession based on eight ounces of cannabis, and therefore dismissal is required because this is a legal conclusion. [MIO 6]

**{6}**     Defendant's argument misapplies the *Foulenfont* standard, which permits dismissal only where the undisputed facts lead to this result. *See Pacheco*, 2017-NMCA-014, ¶ 10. Here, the State has not conceded that the lab results support Defendant's position; to the contrary, the State alleged that the lab report indicated that the tested substance was "marijuana." [RP 96] Defendant admits that the State indicated that some of the seized items tested positive for marijuana, but he claims that the State failed to show as a matter of law that a sufficient quantity existed. [MIO 8] Again, the State has alleged that it has sufficient evidence to go forward in this case, and under *Foulenfont*, absent a concession, it is entitled to go forward to prove these allegations. Finally, we also note that the State has alleged that Defendant was in possession of over twenty-three times the allowable amount of cannabis. [RP 96] Even if Defendant is correct that some of the substances did not contain cannabis as defined by the statute, the State's allegations provide opportunity for the State to prove otherwise.

**{7}**     For the reasons set forth above, we affirm.

**{8}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**